UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANGHUEI LIANG, et al., | No. 2:20-cv-1990 JAM TLN DB PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICKEY ANDERSON, et al., | |
| Defendants. | |

Plaintiffs Kuanghuei Lang, Lijun Zhang, and Wen Sun are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiffs' complaint and plaintiff Kuanghuei Liang's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiffs complain about a long running dispute with their neighbors.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiffs' complaint be dismissed without prejudice.

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff Kuanghuei Lang's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, plaintiffs Lijun Zhang and Wen Sun have not

submitted applications to proceed in forma pauperis.[1]  (Am. Compl. (ECF No. 4) at 3.)  Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

Moreover, the court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

---

[1] Only plaintiff Kuanghei Liang has signed the complaint and provided an address.  Plaintiffs are advised that the right to represent oneself pro se is personal and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").  A non-attorney "has no authority to appear as an attorney for others than himself."  C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).  Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual.  Local Rule 183(a).  In this regard, the name, address, and telephone number of each party must be included in the upper left-hand corner of each document presented for filing and each plaintiff must sign each document they file.  Local Rule 131(a) and (b); Fed. R. Civ. P. 11.)

1  state a claim on which relief may be granted, or seeks monetary relief against an immune

2  defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an

3  arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

4  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a

5  complaint as frivolous where it is based on an indisputably meritless legal theory or where the

6  factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

7        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

8  state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

9  570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as

10 true the material allegations in the complaint and construes the allegations in the light most

11 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

12 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

13 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

14 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true

15 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

16 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

17       The minimum requirements for a civil complaint in federal court are as follows:

18
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's
19
> jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for
20
> judgment for the relief the pleader seeks.

21 Fed. R. Civ. P. 8(a).

22 **II.  Plaintiffs' Complaint**

23       Here, plaintiffs' complaint fails to contain a short and plain statement of a claim over

24 which this court would have jurisdiction. In this regard, the complaint alleges that the defendants

25 are plaintiffs' neighbors and have subjected plaintiffs to awful behavior over the course of years.

26 For example, the complaint alleges that the defendants used racists language in referring to

27 plaintiffs, damaged plaintiffs' property, and called the police on plaintiffs. (Compl. (ECF No. 1)

28 at 9-10.)

Although the undersigned is cognizant of the seriousness of these allegations, the complaint fails to identify a cause of action against the defendants over which this court would have subject matter jurisdiction. In this regard, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

But "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). The complaint urges the "Court to stop these criminal behaviors[.]" (Compl. (ECF No. 1) at 13.) However, criminal statutes "provide no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see also Jianjun Xie v. Oakland Unified School Dist., No. C 12-2950 CRB, 2012 WL 5869707, at *5 (N.D. Cal. Nov. 19, 2012) ("Although Plaintiffs assert many causes of action through various federal criminal statutes and California Penal Code provisions, no private right of action exists to enforce a criminal statutory provision.").

Moreover, the complaint alleges that the parties' dispute was brought before a state court, alleging specifically that plaintiffs "had a Sheriff to deliver the court papers to" defendant Mickey Anderson and that the parties obtained temporary restraining orders against each other. (Compl. (ECF No. 1) at 9-10.) Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a

district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

And the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). "Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies.'" Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018) (quoting ReadyLink, 754 F.3d at 759)).

In this regard, even if the complaint had stated a claim over which this court had subject matter jurisdiction, to the extent those claims sought to challenge the rulings of the state court those claims would be barred by Rooker-Feldman and/or Younger abstention.

**III.  Leave to Amend**

For the reasons stated above, plaintiffs' complaint should be dismissed. The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim over which the court would have jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the deficiencies noted above, the undersigned finds that granting plaintiffs leave to amend would be futile.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Kuanghuei Liang's October 5, 2020 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiffs' October 5, 2020 complaint (ECF No. 1) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\liang1990.dism.f&rs

7